**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                 Case No. 00-cr-066-01-SM

Keone Pierce

**O R D E R**

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 75). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  Following a jury trial, the defendant was found guilty of a one count Indictment charging him with Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 and 841(a)(1).  The presentence report (using the November 1, 2001 edition of the Guidelines Manual) determined the defendant was responsible for 121.8 grams of crack (or the equivalent of 2,436 kilograms of marijuana) and 10,400 grams of powder cocaine (or the equivalent of 2,080 kilograms of marijuana).  The defendant was held responsible for an additional 250 grams of crack cocaine as part of a negotiated deal (or the

equivalent of 5,000 kilograms of marijuana) for a total of 9,516 kilograms of marijuana.  The defendant's base offense level was determined to be 34 and there was no adjustment for acceptance of responsibility.  Pursuant to USSG §4B1.1, the defendant was deemed to be a career offender and his total offense level was determined to be 34.  The defendant's criminal history was determined to be VI and his advisory guideline range to be 262 to 327 months.

At the sentencing hearing the court adopted the facts and findings in the presentence report and granted a downward departure to a criminal history category IV, which resulted in a guideline range of 210 to 262 months.  The defendant was sentenced to 210 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and 6 years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant does not receive a two level reduction in the base offense level.  When the crack cocaine and cocaine powder are converted to marijuana, the

offense level remains at level 34.  It should be noted that effective May 1, 2008, a new amendment would allow for a two level reduction in the defendant's base offense level.  That amendment does not impact the sentence in this case, however, because the defendant was deemed to be a career offender.  As a result of his career offender status, there is no change in his total offense level or his guideline imprisonment range.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's guideline range.

    Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 75) is DENIED.

    **SO ORDERED.**

Date: _____
                        Steven J. McAuliffe
                        Chief Judge, U.S. District Judge

cc:  Keone Pierce, pro se
     Counsel of Record